HODGSON LEGAL
CHERYL L. HODGSON (CSB# 141275)
cheryl@hodgsonlegal.com
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401
Telephone: (310) 623-3515
Attorneys for Plaintiff
DORISIMO, LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DORISIMO LIMITED, a U.K. Limited Liability Company**<br><br>**Plaintiff**<br><br>vs.<br><br>**Wilson Sporting Goods Co., a Delaware corporation, and DOES 1 through 10, inclusive**<br><br>**Defendants.** | **COMPLAINT FOR:**<br><br>**1) WILFULL TRADEMARK AND SERVICE MARK INFRINGEMENT**<br><br>**2) TRADEMARK DILUTION**<br><br>**3) UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN**<br><br>**4) UNFAIR COMPETITION BY FALSE AND MISLEADING STATEMENTS OF FACT**<br><br>**5) PETITION TO CANCEL FEDERAL TRADEMARK**<br><br>**6) INFRINGEMENT OF MARK TO ENHANCE COMMERCIAL VALUE OF DEFENDANT'S GOODS**<br><br>**7) UNFAIR COMPETITION (Cal. B&P Code § 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DORISIMO LIMITED for its Complaint against defendant and DOES 1-10, hereby complain and allege as follows:

**JURISDICTION AND VENUE**

1.     This Court has Federal subject matter jurisdiction over this matter pursuant to Lanham Act, Act of July 5, 1946, 60 Stat. 427, U.S.C., and Title 15, §§ 1051-1127.

2.     This is a civil action seeking damages and injunctive relief for trademark infringement.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and 1338(a)(b).

4.     This Court has personal jurisdiction over defendants because, among other things, defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and defendants have caused injury to the plaintiff and their intellectual property within the State of California and in this judicial district.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1392.

**PARTIES**

6.     Plaintiff DORISIMO LIMITED ("Dorisimo" or "Plaintiff"), a United Kingdom Limited Liability Company is the owner of rights in and to the trademark and service mark THE CLASH ("Clash" or "the Mark"), made famous by the London rock group THE CLASH, which was formed in 1976.  For most of THE CLASH's recording career, the members consisted of John Mellor, Mick Jones, Paul Simonon and Topper Header ("the Group members").

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to plaintiff, who therefore sues said defendants by such fictitious names (the "Doe Defendants"). Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on this basis

avers that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Defendants are referred to collectively herein as "defendants."

8.  Plaintiff is informed and believes, and on that basis avers that at all times mentioned in this complaint, each of the defendants was the agent and/or alter ego of each of the other defendants and, in during the times alleged in this complaint, was acting within the course and scope of such agency.

## **GENERAL ALLEGATIONS**

9.  The Clash is known around the world as the most iconic rock band of the late 1970's and 1980's. The group became the vanguard of the British punk era, with journalists and critics having dubbed The Clash as "The Only Band that Matters." The group was inducted into the U.S. Rock and Roll Hall of Fame in 2003, and *Rolling Stone* ranked the Clash as the 28th most important musical group of all time.

10. The Clash recorded and released three single albums, their famed 1979 double album *London Calling*, as well as a triple album, *Sandinista!  Rolling Stone* voted *London Calling* the top album of the decade of the 1980's. In 2003, the magazine voted *London Calling* as No. 8 on its list of the top 500 music albums of all times. Others have listed *London Calling* as the greatest album of all time. The album features such songs as "Train in Vain" and "Revolution Rock."  The title track "London Calling" is considered one of the best guitar tracks in recorded music history.

11. In honor of the 40th anniversary of the release of *London Calling,* The Clash will be honored with an exhibition at the London Museum beginning the Fall 2019.

12. The Mark and the music originallysignified by the Mark is one of the most iconic in the entire music industry. THE CLASH and its music has become well-known in the sports industry as a result of licensing of Class copyrighted music to advertise, market,

and broadcast sporting events, including professional tennis events including *inter alia* the famed Wimbledon Tennis Tournament.

13. Plaintiff is the owner of U.S. Registration No. 3963968 for THE CLASH, registered on May 4, 2011 for DVDs featuring live performances of a musical band; Downloadable musical sound recordings; Sound recordings featuring music in Class 009; Wrist bands; Short-sleeved or long-sleeved t-shirts; Neckties; Sweatbands in Class 025 and Entertainment in the nature of live performances by a musical band in Class 41. A copy of the Registration No. 3963968 is attached as Exhibit A.

14. Plaintiff is also the owner of Application Serial No. 88590493 filed on August 23, 2019 for tennis shoes in Class 25.

15. Plaintiff is the exclusive owner of the rights to use the Mark on for DVDs featuring live performances of a musical band; Downloadable musical sound recordings; Sound recordings featuring music; Wrist bands; Short-sleeved or long-sleeved t-shirts; Neckties; Sweatbands and Entertainment in the nature of live performances by a musical band and other merchandise bearing the Mark.

16. Plaintiff is also the owner of the EU Registration No. 012184991 issued February 02, 2014, registered in Classes 9, 14, 15, 16, 18, 21, 25, 26, 27, 28, 32, 33 and 41 ("the EU Registration"). The EU Registration includes registration in Class 18 for *inter alia* rucksacks, backpacks and courier bags and registration in Class 25 for inter alia footwear. A copy of the UK Registration is attached as Exhibit B.

17. Plaintiff is also the owner of UK Registration No. 2488111 issued May 20, 2008, registered in Classes 9, 14, 16, 25, 26, and 41 ("the UK Registration"). The UK Registration includes registration in Class 25 for *inter alia* footwear. A copy of the UK Registration is attached as Exhibit C.

18. As early as 2010 Plaintiff has marketed and sold sneakers, tennis shoes and

globe skate shoes containing the Mark THE CLASH, among them its current collaboration with Converse to produce a special edition footwear bearing the plaintiff's trademark and band name, THE CLASH.

## COUNT I

### Willful Trademark and Service Mark Infringement

### (15 U.S.C. § 1114)

19. Plaintiff re-alleges each and every allegation contained within paragraphs 1 through 18 hereof as though fully set forth herein.

20. Beginning on or about February 15, 2019, Defendants began manufacturing and selling tennis rackets containing the Mark THE CLASH and variations thereof, in violation of the Plaintiff's exclusive rights in the Mark.

21. Sneakers and tennis shoes are legally related goods since tennis shoes are used together with tennis rackets in playing the game of tennis.

22. Defendants have promoted, advertised, and continue to promote, advertise and sell tennis rackets containing the mark THE CLASH and variations thereof, in the United States and elsewhere, with willful intent to capitalize upon the good will of THE CLASH trademark and service mark.

23. Wilson's use the designation THE CLASH in Social Media on the defendants "wilsontennis" Instagram account and on promotional and advertising materials for their services and merchandise.

24. Wilson's use of the mark THE CLASH and variations thereof, is likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of defendants' tennis rackets. Further, in light of Plaintiff's long standing collaboration with Converse (whose parent company is NIKE), in connection with the sale of sneakers, aka tennis shoes, the public is likely to assume that Plaintiff is in collaboration

1 with Wilson, or has authorized and endorsed use of THE CLASH for Defendant's rackets.

2     25.    Plaintiff is informed and believes, and thereon alleges, that as a proximate result of advantage accruing to defendants' business from plaintiff's nationwide advertising, sales, and fan recognition, and as a proximate result of confusion, deception or mistake caused by defendants' wrongful advertising and sale of their goods and services, as hereinabove alleged, bearing the Mark or variations thereof, defendants have made substantial sales and profits in an amount to be determined at trial.

    26.    As a proximate result of advantage accruing to defendants' business from plaintiff's worldwide advertising, sales, and consumer recognition, and as a proximate result of confusion, deception or mistake caused by defendants' wrongful advertising and sale of their goods and services, as alleged above, bearing the Mark or variations thereof, the plaintiff has been deprived of the value of its trademark as a commercial asset, in an amount to be determined at trial.

    27.    Plaintiff is informed and believes and thereon alleges that, unless restrained by this Court, defendants will continue to infringe the Mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford plaintiff adequate relief for the damage to the Mark in the public perception.

    28.    These wrongful acts have proximately caused and will continue to cause plaintiff substantial injury, including loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation and diminution of the value of its products. The harm these wrongful acts will cause to plaintiff is both imminent and irreparable, and the amount of damage sustained by plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

    29.    Plaintiff is entitled to an injunction restraining defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in

further such unlawful conduct.

## COUNT II

### Trademark Dilution

### (15 U.S.C. § 1125(c))

30. Plaintiff re alleges each and every allegation set forth in Paragraphs 1 through 18 and 20 through 29 inclusive, and incorporates them herein by this reference.

31. The Mark THE CLASH is famous, having acquired this status by virtue of widespread recognition and use both as an entertainment service mark as well as the extensive licensing and widespread consumer recognition and use of the Mark as a trademark on numerous goods bearing the Mark.

32. Defendant's use of Plaintiff's famous mark THE CLASH for tennis rackets is a dilution of Plaintiff's right in its distinctive mark.

33. The mark CLASH adopted and in use by Defendants is identical to Plaintiff's famous mark.

34. The use by defendants of the trademark THE CLASH, and any variation thereof, in connection with tennis rackets is likely to harm the reputation of Plaintiff's Mark THE CLASH, and impair its distinctiveness in violation of 15 USC § 1125(c), thereby tarnishing Plaintiff's famous mark and blurring the distinctive and famous association of THE CLASH trademark.

## COUNT III

### Unfair Competition by False Designation of Origin

### (15 U.S.C. § 1125(a))

35. Plaintiff re alleges each and every allegation set forth in Paragraphs 1 through 18 and 20 through 29 inclusive, 31 through 34 and incorporates them herein

36. The use by defendants of the mark THE CLASH, or any variation thereof, in connection with tennis rackets is a knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates and describes the goods of the defendants as originating from or connected with plaintiff and constitutes utilizing false descriptions or representations in commerce.

37. The use by defendants of the Mark, and any variation thereof, on or in connection with its tennis rackets is a knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the products distributed, offered for sale, and sold by defendants as originating from or connected with plaintiff and constitutes utilizing false descriptions or representations in commerce.

38. This imitation, copying and unauthorized use of the Mark and any variations thereof, causes irreparable injury to plaintiff, including injury to its business reputation and dilution of the distinctive quality of the plaintiff's Mark.

39. By reason of the foregoing, defendants have violated and are continuing to violate 15 U.S.C. § 1125.

40. Plaintiff is entitled to an injunction restraining defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of 15 U.S.C. § 1125.

41. Plaintiff is further entitled to recover from defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by defendants as a result of defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by plaintiff.

## COUNT IV

### Unfair Competition by False & Misleading Statements of Fact

**(15 U.S.C. § 1125 et seq).**

42. Plaintiff re-alleges each and every allegation set forth in Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 18, 20 through 29, 31 through 34 and 36 through 41 inclusive, and incorporates them herein by this reference.

43. Defendants have willfully, without justification and without privilege advertised, published, communicated, and caused to be advertised, published and communicated, to other persons and to the public at large various false and misleading statements of fact stating that defendants are the original owners and users of the Mark THE CLASH and variations thereof.

44. These communications are false and misleading statements of fact in that they falsely indicate that the plaintiff has been, and are, attempting to deceive the public and unfairly profit from defendants' reputation in the trade. The true facts are: a) that defendants have been, and are, attempting to deceive the public and unfairly profit from the plaintiff's reputation in the trade; b) that plaintiff is the original owner and user of the Mark THE CLASH and variations thereof; and c) that defendants are the infringers of plaintiff's rights therein.

45. Defendants' advertising, publishing and communicating these false and misleading statements of fact regarding plaintiffs causes irreparable injury to the plaintiff, including injury to their business reputation and dilution of the distinctive quality of the Mark THE CLASH.

46. By reason of the foregoing, defendants have violated and are continuing to violate 15 U.S.C. § 1125.

47. Plaintiff is entitled to an injunction restraining defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of 15 U.S.C. § 1125.

48. Plaintiff is further entitled to recover from defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by defendants as a result of defendants' acts of infringement alleged above. At

present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by the plaintiff.

## COUNT V

### Petition to Cancel Federal Trademark Registration Based Upon Prior Use

### (15 U.S.C. § 1119 and 1120)

49. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 18, 20 through 29, 31 through 34, 36 through 41, and 43 through 48 inclusive and incorporates them herein by this reference.

50. Wilson is the owner of US Registration No. 5,836,146 for "CLASH" issued for use on "Bags specially adapted for sports equipment; Tennis racket covers; Tennis rackets."

51. Wilson has also filed for international trademark registrations based upon Registration 5,936,146 in Australia, China, Korea, Mexico, Norway, Switzerland and all of the European Union countries, indicating its intent to usurp rights to Plaintiff's CLASH trademark around the world.

52. U.S. Reg. No. 5,836,146 for CLASH for tennis rackets should be cancelled on grounds of likelihood of confusion between plaintiff's prior rights in related goods, tennis shoes and sneakers.

53. At the time the defendants submitted U.S. Application No. 88066478, they knew that the plaintiff is the true lawful owner of the Mark, and that plaintiff has been and continue to use the Mark THE CLASH. Plaintiffs have been injured by the issuance of U.S. Reg. No. 5, 836,146 to the defendants and, pursuant to 15 U.S.C. § 1119 the Court should declare invalid and cancel the defendants' registration, pursuant to 28 U.S.C. § § 2201 and 2202 and 15 U.S.C. § § 1119 and 1064(3).

## COUNT VI

**Infringement of Mark to Enhance Commercial Value of Defendant's Goods**

54. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 19, 21 through 26, 30 through 35, 43 through 48, and 50 through 52 inclusive and incorporates them herein by this reference.

55. Defendants' use, as alleged above, of the Mark THE CLASH and colorable imitations thereof for the goods claimed in their registration, specifically, "Bags specially adapted for sports equipment; Tennis racket covers; Tennis rackets", are likely to cause injury to the business reputation of plaintiff.

56. Defendants' use of the Mark and colorable imitations thereof for "Bags specially adapted for sports equipment; Tennis racket covers; Tennis rackets" is without plaintiff's prior consent.

57. Defendants' use, as alleged above, of the Mark, and any colorable imitations thereof for "Bags specially adapted for sports equipment; Tennis racket covers; Tennis rackets", is done for the purpose of enhancing the commercial value of their products.

58. Plaintiff is entitled to damages and injunctive relief due to defendants' acts, which have harmed plaintiff.

## COUNT VII

## Unfair Competition

### (California Business Professions Code § 17200 et seq)

59. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 18, 20 through 29, 34 through 36, 37 through 42, 44 through 46, and 48 through 51 inclusive and incorporates them herein by this reference. Defendants' conduct above constitutes unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code Sections 17200 et seq. that have occurred and continue to occur in commerce in this state and elsewhere, and which have caused and proximately

caused, and continue to cause and proximately cause, injury to plaintiff. Such activities of the defendants have been of a willful or wanton nature, and are in bad faith, and/or have been committed with a reckless disregard of the plaintiff's rights.

60. These wrongful acts have proximately caused and will continue to cause plaintiff substantial injury, including loss of customers, dilution of his goodwill, confusion of existing and potential customers, injury to their reputation and diminution of the value of his products. The harm these wrongful acts will cause to plaintiff is both imminent and irreparable, and the amount of damage sustained by plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below;

2. For a permanent injunction enjoining defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from:

(a) Using the Mark CLASH and any colorable imitation thereof, in the United States and throughout the World, in connection with the goods claimed in the registration "Bags specially adapted for sports equipment; Tennis racket covers; Tennis rackets" as well as any related goods and/services; and

(b) Otherwise infringing plaintiff's service mark and trademark; and

(c) Causing likelihood of confusion, deception, or mistake as to the source, nature, or quality of defendants' goods, "Bags specially adapted for sports equipment; Tennis racket covers; Tennis rackets";

3. For an order directing defendants, and each of them, to file with this Court and serve on plaintiff within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which defendants have complied with the injunction;

4. For an order requiring defendants, and each of them, to deliver up and destroy all inventory of "Bags specially adapted for sports equipment; Tennis racket covers; Tennis rackets";

5. For all of defendants' profits derived from its infringement of plaintiff's trademarks and service marks;

6. For three times the amount of plaintiff's actual damages caused by defendants' infringement of plaintiff's service marks, but in any event not less than $ 3 million;

7. For plaintiff's reasonable attorney fees expended in this action;

8 For punitive damages as the court may deem proper;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court may deem proper.

Dated: September 19, 2019   HODGSON LEGAL

By: _____
CHERYL L. HODGSON
Attorney for Plaintiff
DORISIMO LIMITED

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury of all issues so triable.

Dated:  September 20, 2019        HODGSON LEGAL

By:_____
    CHERYL L. HODGSON

Attorney for Plaintiff
DORISIMO LIMITED